Sati LAL; Anita Lal, Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–74273.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Clerk is directed to change the caption to

Submitted June 15, 2004.\*\*

Decided June 21, 2004.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., Norah Ascoli Schwarz, Esq., Shelley R. Goad, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM \*\*\*

Sati and Anita Lal, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") streamlined decision affirming the immigration judge's ("IJ") denial of their applications for asylum and withholding of deportation, and for suspension of deportation.

■   We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show the requisite hardship necessary to qualify for suspension of deportation. *See Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997).

Because the transitional rules apply, *see id.* at 1150, we have jurisdiction over the petition for review insofar as it challenges the denial of the asylum and withholding of deportation application pursuant to 8 U.S.C. § 1105a(a).   We review questions of law de novo, and factual findings for substantial evidence. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003).

reflect that John Ashcroft is the proper respondent.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**580**

We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's conclusion that Sati Lal failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground because Sati Lal failed to demonstrate that the harassment he suffered rose to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003) (discrimination and harassment do not constitute persecution); *Prasad v. INS,* 47 F.3d 336, 339 (9th Cir. 1995) (brief detention without serious injury does not constitute persecution).

Furthermore, substantial evidence supports the IJ's finding that Sati Lal's claim of future persecution is based on possible prosecution for vehicular homicide. *See Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992) (fear of criminal prosecution does not constitute persecution).

Because the Lals failed to establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of deportation. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

Petitioners' contention that the BIA's streamlined decision violates their due process rights lacks merit. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003) (when the court can reach the merits of an IJ's decision, "an additional review of the streamlining decision itself would be superfluous.")

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will being to run upon issuance of this court's mandate.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**